IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION



| | | |
|---|---|---|
| MARK A. AUGUSTI, as Treasurer, and MARK A. AUGUSTI FOR CONGRESS, | Χ Χ Χ Χ Χ | |
| Petitioners, | Χ | |
| vs. | Χ Χ | No. 04-2454-D/An |
| FEDERAL ELECTION COMMISSION, | Χ Χ | |
| Respondent. | Χ Χ Χ | |

ORDER GRANTING IN PART RESPONDENT'S MOTION TO DISMISS
AND
ORDER DIRECTING THE COMMITTEE TO RETAIN COUNSEL

Petitioners Mark A. Augusti, as Treasurer, and Mark A. Augusti for Congress (the "Committee")[1] filed a pro se petition pursuant to 2 U.S.C. § 437g(a)(4)(C)(iii)[2] on June 16, 2004 and paid the civil filing fee. The Court issued an order on October 21, 2004 directing the clerk to issue summonses to Augusti and directing Augusti to effect service on the respondent, the Federal Election Commission ("FEC" or "Commission"). The FEC filed a motion

---

[1]   Augusti is apparently filing this petition in his capacity as Treasurer of the Committee.

[2]   The petition purported to invoke this Court's jurisdiction pursuant to 2 U.S.C. § 437(a)(4)(C)(iii), which does not exist in the United States Code.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 4-27-05



to dismiss on January 4, 2005, and Augusti filed a response to the motion on January 31, 2005.

Mark A. Augusti was a candidate for the United States House of Representatives from the Fifth District of Illinois in 2002. The Committee was Mark A. Augusti's authorized campaign committee and, at all times relevant to this matter, Jennifer Leppa, who is now known as Jennifer Augusti, was the Committee's treasurer.[3] On June 6, 2004, ten days before the commencement of this action, Mark A. Augusti apparently replaced Jennifer Leppa Augusti as treasurer of the Committee.

On June 30, 2003, the Commission found reason to believe that the Committee and Leppa, its treasurer, violated 2 U.S.C. § 434(a) by failing to file the Committee's 2002 year end disclosure report until twenty-six (26) days after its statutory due date of January 31, 2003.[4] The Committee challenged the Commission's findings in a letter dated August 6, 2003.[5] Adopting the Reviewing

---

[3]      See Affidavit of Jennifer Augusti ("Leppa Aff."), sworn to on June 16, 2004, ¶¶ 2-10. For the sake of clarity, Jennifer Leppa Augusti is sometimes referred to as "Leppa" in this order.

[4]      The Commission did not submit a copy of the Reviewing Officer's report in connection with its motion to dismiss.

[5]      A copy of that letter is attached as the first page of Exhibit B to the FECs's memorandum in support of its motion to dismiss. Curiously, although the memorandum asserts that the Commission and Leppa challenged the Reviewing Officer's determination, the document submitted in support of that proposition is a letter to the FEC's Office of Administrative Review from Mark A. Augusti. That letter does not state that it is written on behalf of Leppa (although, as a practical matter, it likely was as Leppa had, by that time, apparently married Mark A. Augusti). Moreover, Mark A. Augusti appears to be writing in his capacity as "Former Candidate" rather than as assistant treasurer of the Committee. It seems, therefore, that the FEC allows nonlawyer candidates to "represent" their
(continued...)

2

Officer's recommendation, the Commission decided on May 19, 2004 to make a final determination that the Committee and Leppa, as treasurer, violated 2 U.S.C. § 434(a) and assessed a civil monetary penalty of $750.[6] A notification to that effect was sent to Leppa on May 20, 2004. Subsequently, Mark A. Augusti replaced Leppa as treasurer of the Committee and commenced this pro se action seeking judicial review of the Commission's final determination.

In its motion to dismiss, the FEC argues that the Court lacks subject-matter jurisdiction over this action because Augusti has no standing to challenge the FEC's administrative determination. According to the motion, Augusti was not a respondent in the underlying action and is not the subject of the Commission's determination or order. The FEC also argues that the Committee is an artificial legal entity that cannot file a pleading pro se or through a non-attorney agent.

With respect to the first part of the motion to dismiss, the FEC argues that Mark A. Augusti was not a party to the administrative proceeding and was not the subject of the Commission's determination. Pursuant to 2 U.S.C. § 437g(a)(4)(C)(iii), "[a]ny person against whom an adverse determination is made under this subparagraph may obtain a review

---

[5]     (...continued)
committees in administrative proceedings.

[6]     The documents to that effect are part of Exhibit B to the FEC's memorandum. Contrary to the statement at p. 5 of the FEC's memorandum, the Commission's vote was not unanimous.

of such determination in the district court of the United States for the district in which the person resides, or transacts business, by filing in such court (prior to the expiration of the 30-day period which begins on the date the person receives notification of the determination) a written petition requesting that the determination be modified or set aside." Mark A. Augusti was not the subject of the Commission's final determination and, therefore, he does not appear to be "[a] person against whom an adverse determination is made" within the meaning of the statute.

In response, Mark A. Augusti states that, in addition to assuming the position of treasurer of the Committee on June 6, 2004, he was, at all pertinent times, the assistant treasurer of the Committee. These arguments are not persuasive. To the extent Augusti contends that, due to his position as assistant treasurer, he was as responsible as was Leppa for the late-filed report, Augusti apparently did not inform the FEC, prior to the issuance of its final decision, that he was a proper subject of its investigation that culminated in the final determination against the Committee and Leppa. The belated assertion that he could have been a party does not alter the fact that he was not, in fact, a party to the Commission's final determination.[7]

---

[7]     Moreover, Leppa states in her affidavit that, "[a]s Treasurer, I was responsible for keeping the books and timely filing campaign disclosure reports with the" FEC. Leppa Aff., ¶ 4; see also id., ¶¶ 5-10 (describing Leppa's efforts to comply with the FECA's reporting requirements).

Augusti also has cited no authority for his apparent assumption that,
(continued...)

Accordingly, the Court GRANTS the motion to dismiss with respect to Mark A. Augusti in his capacity as treasurer of the Committee. <u>Miles for Senate Committee v. Federal Election Comm'n</u>, No. Civ. 01-83 (PMAAJGL), 2002 WL 47008, at *2 (D. Minn. Jan. 9, 2002) (candidate lacks standing to challenge FEC's final determination against committee and treasurer because he was not a named respondent in the underlying case).[8]

With respect to the second part of the motion to dismiss, the FEC argues that Mark A. Augusti lacks standing to challenge the final decision with respect to the Committee. Pursuant to 28 U.S.C. § 1654, a litigant may appear in federal court either <u>pro se</u> or through counsel. However, as the Supreme Court observed:

> It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. . . . As the courts have recognized, the rationale for the rule applies equally to all artificial entities. Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations,

---

[7]      (...continued)
as Leppa's successor as treasurer of the Committee, he succeeds her as a party to the FEC's final determination. Finally, it would not be appropriate to construe the complaint as being brought on behalf of Leppa, because she did not sign the complaint, as required by Fed. R. Civ. P. 11(a), and she has no right to be represented in federal court by her husband, a nonlawyer. <u>Garrison v. Fleet Finance, Inc.</u>, No. 97-6422, 1999 WL 282626 (6th Cir. Apr. 30, 1999) (holding that "[t]he signing and filing of a notice of appeal on behalf of another by a person who is not a qualified attorney is ineffective to vest an appellate court with jurisdiction"); <u>Cochran v. Nelson</u>, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994); <u>Peak v. Smith</u>, No. 91-5902, 1992 WL 60194 (6th Cir. Mar. 27, 1992); <u>see also</u> <u>Powerserve Int'l, Inc. v. Lavi</u>, 239 F.3d 508, 514 (2d Cir. 2001); <u>see also</u> 28 U.S.C. § 1654.

[8]      As a practical matter, this means that the Commission's final determination that Leppa violated 2 U.S.C. § 434(a), and the assessment of the civil penalty against her, are not before this Court. Although it is not clear whether this action can proceed in the absence of Leppa, for purposes of this order the Court will assume that it can.

partnerships, or associations to appear in federal court
otherwise than through a licensed attorney.

Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993)
(citations and footnote omitted). A corporate officer has no
standing to represent a corporation in federal court. Ginger v.
Cohn, 426 F.2d 1385, 1386 (6th Cir. 1970). Likewise, this principle
has been applied to political candidates who seek to represent
their committees on a pro se basis. Cousino v. Nowicki, No. 97-
1905, 1998 WL 708700, at *1 (6th Cir. Oct. 2, 1998). Until and
unless the Committee is represented by licensed counsel, it cannot
present its claims in federal court. See College Homes Resident
Ass'n v. Knoxville Community Dev. Corp., No. 99-5707, 2000 WL
554107, at *1 (6th Cir. Apr. 28, 2000); Cousino, 1998 WL 708700, at
*1.

The only issue remaining is whether dismissal of this
action with respect to the Committee is warranted. Although Mark A.
Augusti plainly cannot represent the Committee in federal court,
he was apparently permitted to do so before the Commission,
see supra p. 2 n.5, and, therefore, it would appear that the error
was attributable to the candidate's ignorance of the procedural
rules applicable in federal court. Accordingly, the Committee is
ORDERED, within thirty (30) days of the date of entry of this
order, to retain a licensed attorney to represent it in this
action. Failure timely to comply with this order will result in

6

dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

     IT IS SO ORDERED this _26_ day of April, 2005.


BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 12 in case 2:04-CV-02454 was distributed by fax, mail, or direct printing on April 27, 2005 to the parties listed.

---

Holly J. Baker
FEDERAL ELECTION COMMISSION
999 E Street, N.W.
Washington, DC 20463

Mark A. Augusti
488 Tree Top Cv.
Cordova, TN 38018

Colleen T. Sealander
FEDERAL ELECTION COMMISSION
999 E Street, N.W.
Washington, DC 20463

Honorable Bernice Donald
US DISTRICT COURT